UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT W. KRAMER,

          Petitioner,

v.                                 Case No. 3:21-cv-1016-HES-MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

          Respondents.

_____

## ORDER

### I. Status

Petitioner Robert W. Kramer, an inmate of the Florida penal system, initiated this action through counsel on October 11, 2021, by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1). In the Petition, Kramer challenges a 2015 state court (Clay County, Florida) judgment of conviction for possession of child pornography. He raises four grounds for relief. See Petition at 4–14. Respondents submitted a memorandum in opposition to the Petition. See Response to Petition for Writ of Habeas Corpus (Response; Doc. 8). They also submitted exhibits. See Docs. 8-1 through 8-22. Kramer filed a brief in reply. See Petitioner's Reply to Response to Petition (Reply; Doc. 10). This action is ripe for review.

## II. Relevant Procedural History

On October 10, 2014, the State of Florida charged Kramer by third amended information with fourteen counts of possession of child pornography. Doc. 8-3 at 85–87. Kramer proceeded to a trial, and on December 10, 2014, a jury found him guilty of all charges. Id. at 158–71. On February 3, 2015, the trial court sentenced Kramer to consecutive five-year terms of imprisonment on all counts. Doc. 8-4 at 4–11.

On direct appeal, with the benefit of counsel, Kramer filed an initial brief, arguing the trial court erred when it denied the defense's motion to suppress and motions for judgment of acquittal. Doc. 8-8 at 2–29. The State filed an answer brief, Doc. 8-9 at 2–37, and Kramer replied, Doc. 8-10 at 2–13. The First DCA per curiam affirmed Kramer's conviction and sentence without a written opinion on April 19, 2017, Doc. 8-11 at 2, and issued the mandate on May 5, 2017, id. at 3.

On June 14, 2018, Kramer filed through counsel a state petition for writ of habeas corpus raising one ground of ineffective assistance of appellate counsel. Doc. 8-12 at 2–11. Kramer subsequently filed an amended state petition. Doc. 8-13 at 2–12. The State answered, Doc. 8-16 at 2–12, and Kramer

replied, Doc. 8-17 at 2–6. The First DCA denied the petition on the merits on August 1, 2019. Doc. 8-18 at 2.

On September 4, 2019, Kramer filed through counsel a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Doc. 8-19 at 5–9. He argued his sentence was illegal because: (1) it was based upon unsubstantiated allegations of misconduct and (2) it amounted to a de facto life sentence. Id. The circuit court denied the Rule 3.800(a) motion. Id. at 10–11. On September 22, 2021, the First DCA affirmed the circuit court's denial in a written opinion, Doc. 8-22 at 6–9, and on October 13, 2021, it issued the mandate, id. at 10.

### III. One-Year Limitations Period

This action was timely filed within the one-year limitations period. See 28 U.S.C. § 2244(d).

### IV. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for a federal evidentiary hearing. See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations,

3

which, if true, would entitle the applicant to federal habeas relief." <u>Schriro v. Landrigan</u>, 550 U.S. 465, 474 (2007); <u>Jones v. Sec'y, Fla. Dep't of Corr.</u>, 834 F.3d 1299, 1318–19 (11th Cir. 2016). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." <u>Schriro</u>, 550 U.S. at 474. The pertinent facts of this case are fully developed in the record before the Court. Because the Court can "adequately assess [Kramer's] claim[s] without further factual development," <u>Turner v. Crosby</u>, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

## V. Governing Legal Principles

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a state prisoner's federal petition for habeas corpus. <u>See</u> <u>Ledford v. Warden, Ga. Diagnostic & Classification Prison</u>, 818 F.3d 600, 642 (11th Cir. 2016), <u>abrogation recognized on other grounds by</u> <u>Smith v. Comm'r, Ala. Dep't of Corr.</u>, 67 F.4th 1335, 1348 (11th Cir. 2023). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" <u>Id.</u> (quoting <u>Greene v. Fisher</u>, 565 U.S. 34, 38 (2011)). As such,

4

federal habeas review of final state court decisions is "greatly circumscribed and highly deferential." Id. (internal quotation marks omitted) (quoting Hill v. Humphrey, 662 F.3d 1335, 1343 (11th Cir. 2011)).

The first task of the federal habeas court is to identify the last state court decision, if any, that adjudicated the claim on the merits. See Marshall v. Sec'y, Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016). The state court need not issue a written opinion explaining its rationale in order for the state court's decision to qualify as an adjudication on the merits. See Harrington v. Richter, 562 U.S. 86, 100 (2011). Where the state court's adjudication on the merits is unaccompanied by an explanation, the United States Supreme Court has instructed:

> [T]he federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning.

Wilson v. Sellers, 584 U.S. 122, 125 (2018). The presumption may be rebutted by showing that the higher state court's adjudication most likely relied on different grounds than the lower state court's reasoned decision, such as persuasive alternative grounds that were briefed or argued to the higher court or obvious in the record it reviewed. Id. at 125–26, 132.

5

If the claim was "adjudicated on the merits" in state court, § 2254(d) bars relitigation of the claim unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Richter, 562 U.S. at 97–98. The Eleventh Circuit describes the limited scope of federal review pursuant to § 2254 as follows:

> First, § 2254(d)(1) provides for federal review for claims of state courts' erroneous legal conclusions. As explained by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000), § 2254(d)(1) consists of two distinct clauses: a "contrary to" clause and an "unreasonable application" clause. The "contrary to" clause allows for relief only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413, 120 S. Ct. at 1523 (plurality opinion). The "unreasonable application" clause allows for relief only "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.
>
> Second, § 2254(d)(2) provides for federal review for claims of state courts' erroneous factual determinations. Section 2254(d)(2) allows federal courts to grant relief only if the state court's denial of

6

> the petitioner's claim "was based on an unreasonable
> determination of the facts in light of the evidence
> presented in the State court proceeding." 28 U.S.C. §
> 2254(d)(2). The Supreme Court has not yet defined §
> 2254(d)(2)'s "precise relationship" to § 2254(e)(1),
> which imposes a burden on the petitioner to rebut the
> state court's factual findings "by clear and convincing
> evidence." See Burt v. Titlow, 571 U.S. ---, ---, 134 S.
> Ct. 10, 15, 187 L.Ed.2d 348 (2013); accord Brumfield v.
> Cain, 576 U.S. ---, ---, 135 S. Ct. 2269, 2282, 192
> L.Ed.2d 356 (2015). Whatever that "precise
> relationship" may be, "'a state-court factual
> determination is not unreasonable merely because the
> federal habeas court would have reached a different
> conclusion in the first instance.'" Titlow, 571 U.S. at --
> -, 134 S. Ct. at 15 (quoting Wood v. Allen, 558 U.S. 290,
> 301, 130 S. Ct. 841, 849, 175 L.Ed.2d 738 (2010)).

Tharpe v. Warden, 834 F.3d 1323, 1337 (11th Cir. 2016). Also, deferential

review under § 2254(d) generally is limited to the record that was before the

state court that adjudicated the claim on the merits. See Cullen v. Pinholster,

563 U.S. 170, 182 (2011) (stating the language in § 2254(d)(1) "requires an

examination of the state-court decision at the time it was made").

Thus, "AEDPA erects a formidable barrier to federal habeas relief for

prisoners whose claims have been adjudicated in state court." Titlow, 571 U.S.

at 19. "Federal courts may grant habeas relief only when a state court

blundered in a manner so 'well understood and comprehended in existing law'

and 'was so lacking in justification' that 'there is no possibility fairminded

7

jurists could disagree.'" Tharpe, 834 F.3d at 1338 (quoting Richter, 562 U.S. at 102–03). This standard is "meant to be" a "difficult" one to meet. Richter, 562 U.S. at 102. Thus, to the extent that the petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under 28 U.S.C. § 2254(d).

## B. Exhaustion/Procedural Default

There are prerequisites to federal habeas review. Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his state conviction. See 28 U.S.C. § 2254(b)(1)(A). To exhaust state remedies, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. Castille v. Peoples, 489 U.S. 346, 351 (1989) (emphasis omitted). Thus, to properly exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

In addressing exhaustion, the United States Supreme Court explained:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the ""opportunity to pass upon and correct" alleged

8

> violations of its prisoners' federal rights.'" <u>Duncan v. Henry</u>, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (quoting <u>Picard v. Connor</u>, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L.Ed.2d 438 (1971)). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. <u>Duncan</u>, <u>supra</u>, at 365–366, 115 S. Ct. 887; <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L.Ed.2d 1 (1999).

<u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004).

A state prisoner's failure to properly exhaust available state remedies results in a procedural default which raises a potential bar to federal habeas review. The United States Supreme Court has explained the doctrine of procedural default as follows:

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. <u>See</u>, <u>e.g.</u>, <u>Coleman</u>,[1] <u>supra</u>, at 747–748, 111 S. Ct. 2546; <u>Sykes</u>,[2] <u>supra</u>, at 84–85, 97 S.

---

[1] <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991).
[2] <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977).

Ct. 2497.  A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. See, e.g., Walker v. Martin, 562 U.S. --, --, 131 S. Ct. 1120, 1127–1128, 179 L.Ed.2d 62 (2011); Beard v. Kindler, 558 U.S. --, --, 130 S. Ct. 612, 617–618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. See Coleman, 501 U.S., at 750, 111 S. Ct. 2546.

Martinez v. Ryan, 566 U.S. 1, 9–10 (2012). Thus, procedural defaults may be excused under certain circumstances. Notwithstanding that a claim has been procedurally defaulted, a federal court may still consider the claim if a state habeas petitioner can show either (1) cause for and actual prejudice from the default; or (2) a fundamental miscarriage of justice. Ward v. Hall, 592 F.3d 1144, 1157 (11th Cir. 2010). In order for a petitioner to establish cause,

the procedural default "must result from some objective factor external to the defense that prevented [him] from raising the claim and which cannot be fairly attributable to his own conduct." McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir. 1992) (quoting Carrier, 477 U.S. at 488, 106 S. Ct. 2639).[3] Under the prejudice prong, [a petitioner] must show that "the errors at trial actually and substantially

---

[3] Murray v. Carrier, 477 U.S. 478 (1986).

disadvantaged his defense so that he was denied fundamental fairness." <u>Id.</u> at 1261 (quoting <u>Carrier</u>, 477 U.S. at 494, 106 S. Ct. 2639).

<u>Wright v. Hopper</u>, 169 F.3d 695, 706 (11th Cir. 1999).

In the absence of a showing of cause and prejudice, a petitioner may receive consideration on the merits of a procedurally defaulted claim if the petitioner can establish that a fundamental miscarriage of justice, the continued incarceration of one who is actually innocent, otherwise would result. The Eleventh Circuit has explained:

> [I]f a petitioner cannot show cause and prejudice, there remains yet another avenue for him to receive consideration on the merits of his procedurally defaulted claim. "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." <u>Carrier</u>, 477 U.S. at 496, 106 S. Ct. at 2649. "This exception is exceedingly narrow in scope," however, and requires proof of actual innocence, not just legal innocence. <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1171 (11th Cir. 2001).

<u>Ward</u>, 592 F.3d at 1157. "To meet this standard, a petitioner must 'show that it is more likely than not that no reasonable juror would have convicted him' of the underlying offense." <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995)). Additionally, "'[t]o be

11

credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. 538, 559 (1998) (quoting Schlup, 513 U.S. at 324). With the rarity of such evidence, in most cases, allegations of actual innocence are ultimately summarily rejected. Schlup, 513 U.S. at 324.

### C. Ineffective Assistance of Trial and Appellate Counsel

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel. That right is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citing Wiggins v. Smith, 539 U.S. 510, 521 (2003), and Strickland v. Washington, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [Strickland,] 466 U.S. at 688, 104 S. Ct. 2052.  A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. Id., at 689, 104 S. Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id., at 687, 104 S. Ct. 2052.

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u>, at 694, 104 S. Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." <u>Id.</u>, at 693, 104 S. Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Id.</u>, at 687, 104 S. Ct. 2052.

<u>Richter</u>, 562 U.S. at 104. The Eleventh Circuit has recognized "the absence of any iron-clad rule requiring a court to tackle one prong of the <u>Strickland</u> test before the other." <u>Ward</u>, 592 F.3d at 1163. Since both prongs of the two-part <u>Strickland</u> test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." <u>Id.</u> (citing <u>Holladay v. Haley</u>, 209 F.3d 1243, 1248 (11th Cir. 2000)). As stated in <u>Strickland</u>: "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." <u>Strickland</u>, 466 U.S. at 697.

Claims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under <u>Strickland</u>. See <u>Tuomi v. Sec'y</u>,

13

<u>Fla. Dep't of Corr.</u>, 980 F.3d 787, 795 (11th Cir. 2020); <u>Philmore v. McNeil</u>, 575 F.3d 1251, 1264 (11th Cir. 2009). The Eleventh Circuit has instructed:

> In assessing an appellate attorney's performance, we are mindful that "the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue." <u>Id.</u> at 1130-31.[4] Rather, an effective attorney will weed out weaker arguments, even though they may have merit. <u>See id.</u> at 1131. In order to establish prejudice, we must first review the merits of the omitted claim. <u>See id.</u> at 1132. Counsel's performance will be deemed prejudicial if we find that "the neglected claim would have a reasonable probability of success on appeal." <u>Id.</u>

<u>Philmore</u>, 575 F.3d at 1264. Thus, appellate counsel's performance is prejudicial if the omitted claim would have a reasonable probability of success on appeal. <u>Id.</u> at 1265.

A state court's adjudication of an ineffectiveness claim is accorded great deference.

> "[T]he standard for judging counsel's representation is a most deferential one." <u>Richter</u>, - U.S. at -, 131 S. Ct. at 788. But "[e]stablishing that a state court's application of <u>Strickland</u> was unreasonable under § 2254(d) is all the more difficult. The standards created by <u>Strickland</u> and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." <u>Id.</u> (citations and quotation marks omitted). "The question is not whether a federal court believes the state court's determination under the

---

[4] <u>Heath v. Jones</u>, 941 F.2d 1126, 1130 (11th Cir. 1991).

> Strickland standard was incorrect but whether that determination was unreasonable - a substantially higher threshold." Knowles v. Mirzayance, 556 U.S. 111, 123, 129 S. Ct. 1411, 1420, 173 L.Ed.2d 251 (2009) (quotation marks omitted). If there is "any reasonable argument that counsel satisfied Strickland's deferential standard," then a federal court may not disturb a state-court decision denying the claim. Richter, - U.S. at -, 131 S. Ct. at 788.

Hittson v. GDCP Warden, 759 F.3d 1210, 1248 (11th Cir. 2014); Knowles v. Mirzayance, 556 U.S. 111, 123 (2009). In other words, "[i]n addition to the deference to counsel's performance mandated by Strickland, the AEDPA adds another layer of deference—this one to a state court's decision—when we are considering whether to grant federal habeas relief from a state court's decision." Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004). As such, "[s]urmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 371 (2010).

## VI. Findings of Fact and Conclusions of Law

### A. Ground One

In Ground One, Kramer raises claims of trial court error, ineffective assistance of trial counsel, and ineffective assistance of appellate counsel. See Petition at 4–8, Memorandum of Law at 5–12. The Court will address each of Kramer's claims in turn.

15

## 1. Trial Court Error

First, Kramer asserts that the trial court erred when it denied his motion to suppress because "law enforcement executed a search warrant [of Kramer's computer] that lacked probable cause." Petition at 4. He alleges that law enforcement omitted material information from the search warrant affidavit about the motives of the informant, Kramer's ex-girlfriend; "prior unauthorized and warrantless searches of the computer by [law enforcement]"; and "that the basis for [the informant's] knowledge came about by illegal activity." Memorandum of Law at 9. Kramer raised a substantially similar claim on direct appeal, Doc. 8-8 at 18–25, and the First DCA per curiam affirmed Kramer's conviction, Doc. 8-11 at 2.

Respondents contend that Kramer's Fourth Amendment claim is barred because he had a full and fair opportunity to litigate it in state court. See Response at 15–18. The law is well settled that a federal court cannot entertain a claim of a violation of a habeas petitioner's Fourth Amendment rights if the petitioner had an opportunity for full and fair consideration of his claim in the state courts. Stone v. Powell, 428 U.S. 465, 494 (1976); Bradley v. Nagle, 212 F.3d 559, 564 (11th Cir. 2000). "[F]ull and fair consideration requires consideration by the fact-finding court, and at least the availability of

meaningful appellate review by higher state court." <u>Mincev v. Head</u>, 206 F.3d 1106, 1126 (11th Cir. 2000) (citation omitted). The state court's consideration of Kramer's claim triggers the <u>Stone</u> bar, precluding federal review of his Fourth Amendment claim, because the state court provided Kramer with processes for full and adequate consideration of this ground.

A review of the procedural history of this matter establishes Kramer had ample opportunity for "full and fair consideration" of his claims. Kramer filed a motion to suppress, arguing in relevant part that law enforcement lacked probable cause for a search warrant. Doc. 8-2 at 56–62. The trial court held an evidentiary hearing, Doc. 8-5 at 14-96, and ultimately denied the motion to suppress, Doc. 8-2 at 78–82. Kramer filed a motion for reconsideration. <u>Id.</u> at 121–24. The trial court held another hearing, Doc. 8-5 at 97–137, and it denied his request for reconsideration, Doc. 8-3 at 84. Kramer then raised the issue in his counseled brief on appeal, Doc. 8-8 at 18–25, and the appellate court issued a ruling, Doc. 8-11 at 2. Any allegation of state court error in denying his motion to suppress does not suffice to avoid the <u>Stone</u> bar given the record here. <u>See</u> <u>Swicegood v. Alabama</u>, 577 F.2d 1322, 1324–25 (5th Cir. 1978)[5] (holding

---

[5] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

that the <u>Stone</u> bar applies despite an error by the state court in deciding the merits of a Fourth Amendment claim). Accordingly, under <u>Stone</u>, relief on the trial court error claim in Ground One is due to be denied.

## 2. Ineffective Assistance of Trial Counsel

Next, Kramer alleges counsel was ineffective when he failed to adequately argue the motion to suppress before the trial court. <u>See</u> Petition at 4. According to Kramer, counsel should have argued that the search warrant affidavit contained material omission regarding the reliability of the informant that, if included, would not establish probable cause. <u>See</u> <u>id.</u> at 8 ("The arguments made on appeal should have been made by trial counsel at the time the motion was filed and ruled on."); <u>see also</u> Doc. 8-8 at 18–25 (initial brief on appeal).

Kramer did not present this ineffectiveness claim to the state court in a Rule 3.850 motion or otherwise. Indeed, Kramer failed to initiate any Rule 3.850 proceedings in the state court. Therefore, the state court never had an opportunity to consider this issue, rendering the claim unexhausted. <u>See</u> <u>Boerckel</u>, 526 U.S. at 845 ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete

round of the State's established appellate review process."). Because any future attempt to exhaust this claim would be futile, it is procedurally defaulted.

Nevertheless, Kramer relies on <u>Martinez</u> in an attempt to excuse this procedural default. <u>See</u> Petition at 8. He explains that he retained postconviction counsel, but "counsel believed there were no[] issues that were available to argue in [a Rule 3.850] motion." Memorandum of Law at 23. Respondents contend that Kramer cannot rely on <u>Martinez</u> to overcome the procedural bar here because he never filed a Rule 3.850 motion with the state court. <u>See</u> Response at 18–28. According to Respondents, <u>Martinez</u> is exceedingly narrow and applies only where a petitioner has filed with the state court a motion seeking collateral review, which did not occur in this case. <u>See</u> <u>id.</u>

In <u>Martinez</u>, the United States Supreme Court recognized a narrow exception to the rule set forth in <u>Coleman</u>, 501 U.S. at 753–54, and found that "[i]nadeqaute assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." <u>Martinez</u>, 566 U.S. at 9. Specifically, the <u>Martinez</u> Court recognized two situations in which a prisoner may establish cause:

19

> The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

566 U.S. at 14. The Supreme Court reasoned that allowing a federal court to hear a claim of ineffective assistance of trial counsel when postconviction counsel's errors caused a procedural default "acknowledges, as an equitable matter, that the initial-review collateral proceeding <u>if undertaken</u> without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim." <u>Id.</u> (emphasis added).

Upon review of the language set forth in <u>Martinez</u>, the Court is persuaded by Respondents' argument and finds that Petitioner cannot rely on <u>Martinez</u> to excuse the procedural default of this claim. Indeed, Kramer failed to undertake any Rule 3.850 proceeding in state court. The <u>Martinez</u> analysis is inapplicable in such a case. <u>See</u> <u>Jones v. Pa. Bd. of Prob. & Parole</u>, 492 F. App'x 242, 247 (3d Cir. 2012) ("[W]e conclude that the <u>Martinez</u> analysis is inapplicable where the criminal defendant did not initiate any state collateral review proceeding whatsoever. . . . Were it otherwise, the <u>Martinez</u> rule could potentially apply to any defendant who failed to petition for state collateral

20

review." (internal citation omitted)), <u>cert. denied</u>, 568 U.S. 1167 (2013); <u>see also</u> <u>Johns v. Alabama</u>, No. 2:19-CV-707-ECM-SMD, 2022 WL 1491671, at *4 n.6 (M.D. Ala. May 11, 2022) (noting that <u>Martinez</u> is inapplicable where a criminal defendant initiates no state collateral-review proceeding whatsoever), <u>report and recommendation adopted</u>, 2022 WL 2134984 (M.D. Ala. June 14, 2022); <u>Cobb v. Carter</u>, No. 2:17-CV-655-ECM-SMD, 2020 WL 3980231, at *3 (M.D. Ala. June 12, 2020) (same), <u>report and recommendation adopted sub nom. Jashawn v. Carter</u>, 2020 WL 3971915 (M.D. Ala. July 14, 2020).

Moreover, this is not a situation where postconviction counsel abandoned Kramer. <u>See</u> <u>Maples v. Thomas</u>, 565 U.S. 266, 289 (2012) (determining petitioner showed cause to excuse his procedural default where counsel abandoned him). "Abandonment denotes renunciation or withdrawal, or a rejection or desertion of one's responsibilities, a walking away from a relationship." <u>Cadet v. Fla. Dep't of Corr.</u>, 853 F.3d 1216, 1234 (11th Cir. 2017). Here, Kramer's postconviction counsel filed and litigated in the state appellate court a petition for writ of habeas corpus alleging claims of ineffective assistance of appellate counsel. <u>See</u> Reply at 4. While postconviction counsel determined Kramer did not have any meritorious claims to present in a Rule 3.850 motion, Kramer makes no allegations that counsel withdrew from

representing Kramer for purposes of filing a Rule 3.850 motion, ceased contact with Kramer, or failed to take any action for which Kramer requested he take. And to the extent Kramer disagreed with postconviction counsel's decision to not file a Rule 3.850 motion on behalf of Kramer, that decision did not affect Kramer's ability to file a pro se Rule 3.850 motion or retain another attorney to assess the frivolity of filing a Rule 3.850 motion with the state court. Therefore, Kramer does not demonstrate cause to overcome the procedural default.[6] Consequently, the claim cannot be considered by this Court and is due to be dismissed.

### 3. Ineffective Assistance of Appellate Counsel

Lastly, Kramer appears to argue that appellate counsel was ineffective when he "failed to fully raise and argue" the trial court error issue on appeal. Memorandum of Law at 12. Kramer did not present this claim of ineffective assistance of appellate counsel to the state court. Therefore, the state court never had an opportunity to consider this issue, rendering the claim unexhausted. See Boerckel, 526 U.S. at 845. Because any future attempt to exhaust this claim would be futile, it is procedurally defaulted.

---

[6] Kramer also makes no allegation that the Court's failure to consider this claim will result in a fundamental miscarriage of justice. See generally Petition, Memorandum of Law, Reply.

As cause to excuse his procedural default, Kramer seemingly relies on Martinez. See Petition at 8. However, the rule in Martinez does not extend to claims of ineffective assistance of appellate counsel. See Davila v. Davis, 582 U.S. 521, 529 (2017). As such, the claim is unexhausted and procedurally defaulted. Kramer has not presented any other evidence to demonstrate cause or prejudice, much less the existence of the fundamental miscarriage of justice exception to the procedural bar. Accordingly, this claim is due to be dismissed.

## B. Ground Two

As Ground Two, Kramer argues appellate counsel was ineffective for failing to argue on direct appeal that the trial court erred when it denied the defense's motion to dismiss. See Petition at 9. The record reflects that before trial, counsel moved to dismiss the information based on the expiration of the three-year statute of limitations. Doc. 8-14 at 17. Counsel argued that the offenses allegedly occurred on September 13, 2008; however, law enforcement arrested Kramer more than three years later on July 17, 2012. Id. Therefore, the trial court did not have jurisdiction to hear Kramer's case. Id. at 18.

Subsequently, on October 10, 2014, the State filed a third amended information, which provided that the offenses occurred between September 13, 2008, and June 15, 2010. Doc. 8-3 at 85–87. On November 5, 2014, the trial

court denied the defense's motion, determining "there are material facts in dispute that bar the requested relief." Doc. 8-3 at 103. Specifically, the trial court noted that "Defendant's motion implicitly raises the question of when possession ended [but] [s]uch information is not in the record before the Court." Id. at 102.

Kramer raised a similar ineffectiveness claim in his state petition for writ of habeas corpus, Doc. 8-13 at 2–12, and the First DCA denied Kramer's petition on the merits, Doc. 8-18 at 2. As there is a qualifying state court decision, the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Therefore, Kramer is not entitled to federal habeas relief on the basis of this claim.

## C. Grounds Three and Four

In Ground Three, Kramer alleges counsel was ineffective when he failed to investigate and present evidence that supported the defense's theory of

innocence—"that [Kramer] was not the person who accessed the child
pornography, and that someone else had placed the images on the computer."
Petition at 11. Specifically, he asserts that counsel knew of two individuals who
had also accessed the laptop containing child pornography but failed to call
them as witnesses at trial. Id. at 12. Kramer also contends that counsel failed
to retain an expert witness who "would have testified the actual forensic
timeline [of when Kramer accessed the files] . . . was different than the State's
theory." Id. As Ground Four, Kramer argues counsel was ineffective when he
failed to impeach two witnesses at trial: Jennifer Cabrera (Kramer's ex-
girlfriend) and the State's forensic expert. Id. at 13.

Kramer did not present these ineffectiveness claims to the state court in
a Rule 3.850 motion or otherwise. Indeed, Kramer failed to initiate any Rule
3.850 proceedings in the state court. Therefore, the state court never had an
opportunity to consider this issue, rendering the claim unexhausted. See
Boerckel, 526 U.S. at 845. Because any future attempt to exhaust this claim
would be futile, it is procedurally defaulted.

Nevertheless, Kramer again relies on Martinez in an attempt to excuse
this procedural default because he retained postconviction counsel, but
"counsel believed there were no[] issues that were available to argue in [a Rule

25

3.850] motion." Memorandum of Law at 23; see also Petition at 12, 14. For the reasons detailed in Ground One, supra, the Court finds that Martinez does not excuse the procedural default of this claim because Kramer failed to undertake any Rule 3.850 proceeding. See Jones, 492 F. App'x at 247. As such, the claim is unexhausted and procedurally defaulted. Kramer has not presented any other evidence to demonstrate cause or prejudice, much less the existence of the fundamental miscarriage of justice exception to the procedural bar. Accordingly, the claims in Grounds Three and Four are due to be dismissed as unexhausted.

## VII. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Kramer seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Kramer "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed

26

further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335–36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>See</u> <u>Slack</u>, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u> Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.    The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.      If Kramer appeals the denial of the Petition, the Court denies a

certificate of appealability. Because the Court has determined that a certificate

of appealability is not warranted, the Clerk shall terminate from the pending

motions report any motion to proceed on appeal as a pauper that may be filed

in this case. Such termination shall serve as a denial of the motion.

4.      The Clerk of the Court is directed to close this case and terminate

any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this ___ day of

January, 2025.

HARVEY E. SCHLESINGER
United States District Judge

Jax-9 1/23
c:      Counsel of record

28